Jorge R. Salva, Esq.

SDNY Bar No. (JS-0702)

LAW OFFICES OF JORGE SALVA, PLLC

*Attorney for Plaintiff*

*Colonial Stock Transfer Company, Inc.*

116 West 23rd Street, Suite 500

New York, NY 10011

Office Tel: (646) 375-2494

Cell: (201) 697-2392

Email: jsalva@jrs-law.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLONIAL STOCK TRANSFER COMPANY, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>KRISHANU SINGHAL and LONGFIN, CORP.<br><br>        Defendants. | **COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**<br><br>    Case no. _____<br>    Judge _____ |

## **INTRODUCTION**

Plaintiff, COLONIAL STOCK TRANSFER COMPANY, INC. ("Colonial" or

"Plaintiff"), brings this Complaint for Interpleader pursuant to 28 U.S.C. §§ 1335 and 2361 and

Declaratory Relief pursuant to 28 U.S.C. § 2201 against Defendants LONGFIN CORP.

("LongFin") and KRISHANU SINGHAL ("Singhal").  In support hereof, Colonial alleges as

follows:

1

1.      Colonial is a stock transfer agent and registrar that is in possession of 3,375,000 uncertificated book entry shares of LongFin in the name of Defendant Singhal. There are competing claims and demands by the Defendants relating to the 3,375,000 shares.

**PARTIES, JURISDICTION & VENUE**

2.      This Court has subject matter jurisdiction over this action for interpleader pursuant to 28 U.S.C. § 1335 because Colonial has in its custody property in excess of $500 to which at least two adverse claimants of diverse citizenship are claiming or will imminently claim to be entitled.

3.      Pursuant to 28 U.S.C. § 1335(a), Colonial shall enter the 3,750,000 shares of LongFin stock into the registry of this Court to abide by the judgment of the Court.

4.      Pursuant to 28 U.S.C. § 2361, this Court also is authorized to "enter its order restraining [all claimants] from instituting or prosecuting any proceeding" in any court "affecting the property, instrument or obligation involved in [this] interpleader action until further order of the court."

5.      The value of the property in controversy is in excess of $75,000.

6.      This Court has supplemental jurisdiction over the declaratory judgment aspects of this action under 28 U.S.C. § 1367.

7.      Venue is proper under 28 U.S.C. § 1397 because at least one defendant, LongFin, resides in New York County, New York State, which is located in this court's judicial district.

## PARTIES

8.      Plaintiff Colonial Stock Transfer Co., is a Utah corporation with its principal place of business in Salt Lake County, Utah.

9.      Interpleader Defendant No. 1, LongFin Corporation, is incorporated under the laws of Delaware and has its principal place of business in the State of New York.

10.     Interpleader Defendant No. 2, Krishanu Singhal, upon information and belief, is a citizen of India, and upon further information and belief resides in Singapore.  Additionally, upon information and belief, Singhal continuously and systematically conducts business within the United States so as to invoke this Court's jurisdiction over Singhal under Fed. R. Civ. P. 4(k).

## BACKGROUND

11.     Colonial is a stock transfer company that assists companies and individuals with the transfer of shares.  Colonial is duly authorized and regulated by the Securities and Exchange Commission.

12.     On approximately June 6, 2017, LongFin engaged Colonial to act as the transfer agent for its stock pursuant to a written agreement (the "Agreement").

13.     At LongFin's direction, its shares of common stock are held in uncertificated, book entry form the record of which is exclusively managed by Plaintiff Colonial.

14.     Upon information and belief, Defendant Singhal is the former Chief Financial Officer of Defendant LongFin.

15.     On or about September 14, 2017, based on information and belief, Singhal caused

3

to be executed a document entitled Certificate of Corporate Resolution.

16.     The Certificate of Corporate Resolution represented that Defendant LongFin's Board of Directors (the "Board") had resolved to issue 3,375,000 class A shares of Longfin common stock to Defendant Singhal.

17.     The Certificate of Corporate Resolution was provided to Colonial by Defendant LongFin and was relied upon Colonial as an inducement to enter the issuance of 3,375,000 uncertificated LongFin shares to Singhal.

## COMPETING CLAIMS

18.     Despite the language of the Certificate of Corporate Resolution assigning LongFin shares to Defendant Singhal, Defendant LongFin claims to Plaintiff that LongFin's Board has never adopted, authorized or ratified the issuance of 3,375,000 class A shares of Longfin common stock to Defendant Singhal.

19.     In February 2018, Defendant LongFin provided to Plaintiff Colonial, a signed, but undated, resolution ("Resolution") purportedly executed by the entire board of directors of LongFin affirmatively disclaiming and disavowing the Certificate of Corporate Resolution and proclaiming that it is not bound by it and denies that Krishanu Singhal has been provided the 3,375,000 class A LongFin shares claimed by Singhal.

20.     The Resolution authorizes LongFin's CEO to communicate LongFin's position, and to take any and all actions to rectify the corporate record.

21.     From December 2017 through January 2018, Singhal communicated to Colonial

4

via email and phone his interest in selling or otherwise transferring some or all of the 3,375,000 LongFin shares in Singhal's name.

22.     Singhal has further communicated to Colonial via email and phone that he believes the 3,375,000 LongFin shares in Singhal's name to be validly issued.

23.     Thereafter, LongFin notified Colonial that LongFin and Singhal have a dispute regarding the ownership of these shares.  In a February 7, 2018 letter from its legal counsel, LongFin threatened suit against Colonial if Colonial complied with Singhal's request to transfer the shares or remove restrictions on resale.

24.     LongFin has also communicated to Colonial that rectifying the corporate record includes removing the 3,375,000 LongFin shares in the name of Singhal from the book entry stock register exclusively managed by Colonial.

25.     Upon information and belief, a dispute has arisen between LongFin and Singhal regarding the ownership of the of the 3,375,000 LongFin shares.

26.     Colonial does not have, and does not claim, any interest in the 3,375,000 LongFin shares reflected thereby. Colonial has at all times been willing to tender the disputed Longfin shares to such person or persons as are lawfully entitled to receive and/or control these shares.

27.     Colonial is in great doubt as to which Defendant is entitled to the 3,375,000 Longfin shares subject to this interpleader action.

28.     Colonial lacks the authority to determine which of the Defendants' claims are valid without exposing itself to double litigation.

29.    On one hand, Singhal claims that the Certificate of Corporate Resolution upon which Colonial relied in entering the book entry of the 3,375,000 LongFin shares was valid.

30.    On the other hand, LongFin claims that the Certificate of Corporate Resolution was not authorized by a bona fide board action.

31.    Colonial believes that due to Delaware law as it understands it, the factual finding as to whether the Board actions, if any, underlying the Certificate of Corporate Resolution, will be the difference between whether the 3,375,000 LongFin shares are valid or invalid[1].

---

[1] Section 151 of the Delaware General Corporation Law ("DGCL") provides that a board of directors of a corporation has the power and authority to authorize the issuance of shares of stock of the corporation by "resolution or resolutions" in accordance with the corporation's certificate of incorporation. 8 Del. C. § 151(a); see also 8 Del. C. § 102(a)(4). If a corporation issues shares of stock in violation of Section 151, then such shares of stock are legal nullities and are void as a matter of law. See Staar Surgical Co. v. Waggoner, 558 A.2d 1130, 1136 (Del. 1991) ("[s]tock issued without authority of law is void and a nullity"); Waggoner v. Laster, 581 A.2d 1127, 1132 (Del. 1990) (shares issued in violation of a corporation's certificate of incorporation, and, thus, in violation of Section 151, "are null and void"); Superwire.com, Inc. v. Hampton, 805 A.2d 904, 909 (Del. Ch. 2002) ("[t]he Supreme Court held that strict compliance with the technical requirements of Section 151 of the DGCL was necessary for the issuance of stock: 'Stock issued without authority of law is void and a nullity'") (quoting Staar Surgical, 588 A.2d at 1136); Kalageorgi v. Victor Kamkin, Inc., 750 A.2d 531,531 (Del. Ch. 1999) (if "board authorization to issue ... shares [of stock] was defective," then the such shares of stock are "void"). The Delaware Supreme Court explained almost 90 years ago, if shares of stock are issued in violation of statute and the corporation's certificate of incorporation, then such shares of stock are void and no act may cure or validate such shares of stock:[T]he corporation had no power to issue the kind of stock that was attempted to be issued; the act was void and not merely voidable, and under practically all the authorities, it is incapable of being cured or validated by an attempted ratification by amendment or other subsequent proceeding. Triplex Shoe Co. v. Rice & Hutchins, Inc., 152 A. 342, 348-49 (Del. 1930). Simply stated, only a board of directors (rather than a third party like Singhal) may authorize the issuance of shares of stock, and shares of stock issued without the requisite authorization of the board of directors are legal nullities and are void as a matter of law.

32.     Colonial should not be required to decide the validity of such competing interests and is unable to determine the validity of the LongFin shares due to its inability to be the arbiter of factual dispute in this matter, or which party is entitled to entry of the LongFin shares. Colonial is in the position of a "disinterested stakeholder" faced with rival claims and the possibility of multiple liability and the costs incident thereto.

33.     Absent the Court granting Colonial's request for relief under 28 U.S.C. §§ 1335 and 2361, it is highly likely that Colonial will be subject to multiple suits on or before March 14, 2018, the expiration date of the 90-day restricted period following LongFin's December 13, 2017 IPO (the "Restricted Period"), during which insiders, such as Singhal as LongFin's former CFO, are prohibited from selling or disposing of LongFin publicly traded shares.

## CAUSES OF ACTION

### Interpleader

34.     Colonial incorporates the allegations of paragraphs 1 through 33 above as though fully set forth herein.

35.     If Colonial complies with Singhal's demand that Colonial transfer the 3,375,000 LongFin shares to Singhal or register said shares in his name, Colonial could be found liable to LongFin for breach of the Agreement and for disregarding LongFin's instructions as reflected in the Resolution and February 7, 2018 demand letter.

36.     If Colonial complies with LongFin's demand that Colonial transfer the 3,375,000 LongFin shares to LongFin or register said shares in its name, Colonial could be found liable to

Singhal for breach of the Agreement and for disregarding the September 14, 2017 Certificate of

Corporate Resolution and Singhal's February 2018 communications with Colonial.

37.     Based on the foregoing, Colonial, a disinterested stakeholder, has been and will

be subject to multiple claims for the LongFin shares, and damages arising from fluctuations in

LongFin's stock price, and the interest of the Defendants in the Longfin shares subject to this

interpleader are in dispute as to which Defendant is entitled to the Longfin shares.

38.     LongFin has a reasonable fear of multiple liabilities on or before March 14, 2018,

the expiration date of the Restricted Period, because of these adverse claims, including but not

limited to claims for damages in excess of $100 million, irreparable harm to Colonial's

reputation and goodwill, and substantial attorneys' fees to defend unjust lawsuits.

39.     In accordance with 28 U.S.C. § 1335, Colonial respectfully agrees to tender with

the registry of the Court a "Book Entry Statement", as of February 26, 2018, reflecting the

3,375,000 LongFin shares in dispute.  The "Book Entry Statement" further reflects that the

disposition of the 3,375,000 LongFin shares are subject to the exclusive jurisdiction, control, and

further order of this Court.  A true and correct copy of the "Book Entry Statement" is attached

hereto as **Exhibit A**.

40.     In the alternative, to avoid additional costs associated with the Court holding the

LongFin shares, Colonial, a stock transfer company authorized and regulated by the Securities

and Exchange Commission, agrees to maintain possession of said shares, and unconditionally

submits the 3,375,000 LongFin shares to the exclusive jurisdiction and control of this Court, has

8

entered the LongFin 3,375,000 shares in the book entry registrar into the Registry of the Court, and unconditionally agrees to deliver same to whomever this Court determines to be the owner. However, in all events, Colonial will immediately tender the 3,375,000 LongFin shares to the Clerk of this Court in certificate form or as may be directed by this Court.

**Declaratory Relief**

41.     Colonial incorporates the allegations of paragraphs 1 through 40 above as though fully set forth herein.

42.     Colonial requests that each Defendant be restrained and enjoined from instituting any action against Plaintiff Colonial for recovery of the 3,375,000 LongFin shares or any part of them.

43.     Colonial requests that the Defendants be required to settle among themselves their right to and the validity of, the 3,375,000 Longfin shares and that Colonial be discharged from all liability.

**Attorney's Fees**

44.     Colonial incorporates the allegations of paragraphs 1 through 43 above as though fully set forth herein.

45.     Colonial has employed legal counsel to institute this cause and to prosecute it to an end and has agreed to pay for said services. Colonial is entitled to recover its reasonable attorney fees and costs as a result of these proceedings and under the rules of equity related to the interpleader. Therefore, Colonial seeks its costs and reasonable attorneys' fees as the Court may

9

allow.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Colonial Stock Transfer Company, Inc. requests that all parties be cited to appear and answer herein, asserting their conflicting claims to the 3,375,000 LongFin shares, enter judgment declaring the owner of the 3,375,000 LongFin shares, and releasing Colonial from any further liability, award Colonial its costs and attorney's fees, and for such other relief to which Colonial may be entitled.


Dated: New York, New York
       February 27, 2018

                                        Respectfully Submitted,

                                        /s/ Jorge R. Salva
                                        _____
                                        Jorge R. Salva
                                        SDNY Bar No. (JS-0702)
                                        LAW OFFICES OF JORGE SALVA PLLC
                                        116 West 23rd Street, Suite 500
                                        New York, NY 10011
                                        Office Tel: (646) 375-2494
                                        Cell: (201) 697-2392
                                        Email: jsalva@jrs-law.com
                                        *Attorney for Plaintiff Colonial Stock*
                                        *Transfer Company, Inc.*

10